Norman Sydney **HARRY,** Petitioner–Appellant,

v.

John **ASHCROFT,**[1] Doris **Meissner,** Edward **McElroy, Ins,** United States Department of Justice, Respondents–Appellees.

No. 04–1585–PR.

United States Court of Appeals, Second Circuit.

Jan. 11, 2005.

Norman Sydney Harry, Far Rockaway, New York, for Appellant, pro se.

Varuni Nelson, Assistant United States Attorney, (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief, F. Franklin Amanat, Steven Kim, Assistant United States Attorneys), Brooklyn, New York, for Appellees, of counsel.

PRESENT: WINTER, SOTOMAYOR, and B.D. PARKER, Circuit Judges.

SUMMARY ORDER

Norman Harry appeals from the December 15, 2003 judgment of the United States District Court for the Eastern District of New York dismissing his 28 U.S.C. § 2241 petition. We assume the parties' familiarity with the factual and procedural history of this matter.

We review the merits of a § 2241 petition and any other legal questions pertaining to subject matter jurisdiction *de novo.* See *Kuhali v. Reno,* 266 F.3d 93, 99 (2d Cir.2001). For substantially the reasons set forth in the district court's December 5, 2003 memorandum and order, we find no merit in Harry's contentions that the BIA either used improper evidence or improperly exercised its discretion in denying him § 212(c) relief.

To the extent that the Government challenges the district court's decision to deny Harry's petition on the merits rather than dismiss the petition for lack of jurisdiction,[2] we find this argument unavailing. This Court has read *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General John Ashcroft is substituted for former Attorney General Janet Reno as the named defendant in this suit.

2. Harry also contends that the "the lower court failed to find the appropriate jurisdiction to hear habeas corpus matters." The district court, however, did not make a conclusive holding as to its jurisdiction.

S.Ct. 1003, 140 L.Ed.2d 210 (1998), as "barr[ing] the assumption of 'hypothetical jurisdiction' only where the potential lack of jurisdiction is a constitutional question." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 n. 11 (2d Cir.2000). Here, the challenge to jurisdiction involved statutory requirements and no constitutional issues were presented. Therefore, the district court did not err in assuming jurisdiction and addressing the merits of Harry's petition.

For these reasons, the district court's judgment is AFFIRMED.

